19-2747
*Savine v. Interactive Brokers, LLC*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of April, two thousand twenty.

PRESENT:
　　　　　DENNIS JACOBS,
　　　　　SUSAN L. CARNEY,
　　　　　JOSEPH F. BIANCO,
　　　　　　　　　*Circuit Judges.*

---

ANTOINE SAVINE,

　　　　　*Petitioner-Appellant*,

　　　　　　　　v.　　　　　　　　　　　　　　　　　No. 19-2747

INTERACTIVE BROKERS, LLC,

　　　　　*Respondent-Appellee*.

---

| | |
|---|---|
| FOR PETITIONER-APPELLANT: | Vivian R. Drohan, Drohan Lee LLP, New York, NY. |
| FOR RESPONDENT-APPELLEE: | John W. Cerreta, Day Pitney LLP, Hartford, CT; Matthew B. Danzer, Thomas D. Goldberg, Day Pitney LLP, Stamford, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment entered on June 3, 2019, is **AFFIRMED**.

Petitioner-Appellant Antoine Savine ("Savine") appeals from the District Court's judgment dismissing his petition to vacate an August 2018 arbitral award (the "Award") in favor of Respondent-Appellee Interactive Brokers, LLC. The Award was rendered in the United Kingdom under the procedural arbitral law of the United Kingdom and the substantive law of Connecticut. The District Court determined that it lacked subject matter jurisdiction over the petition. We assume the parties' familiarity with the underlying facts, procedural history, and arguments on appeal, to which we refer only as necessary to explain our decision to affirm the District Court's judgment.

We review *de novo* a dismissal for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1). *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997).

Under the Convention on the Recognition and Enforcement of Foreign Arbitral Awards (the "New York Convention"), to which the United States has acceded and which governed the parties' arbitration, "the country in which the award is made is said to have primary jurisdiction over the arbitration award. The New York Convention specifically contemplates that the state in which, or under the law of which, an award is made, will be free to set aside or modify an award . . . ." *CBF Indústria de Gusa S/A v. AMCI Holdings, Inc.*, 850 F.3d 58, 71 (2d Cir. 2017) (emphasis, quotation marks, citation, and brackets omitted); *see also Yusuf Ahmed Alghanim & Sons v. Toys "R" Us, Inc.*, 126 F.3d 15, 21 (2d Cir. 1997) ("We read Article V(1)(e) of the Convention to allow a court in the country under whose law the arbitration was conducted to apply domestic arbitral law, in this case the FAA, to a motion to set aside or vacate that arbitral award."). In this case, the country with primary jurisdiction is the United Kingdom. The arbitration took place in the United Kingdom and the arbitral

law of the United Kingdom governed its proceedings. *See Yusuf*, 126 F.3d at 21 n.3 (explaining that, in addition to the country in which the arbitration took place, the country that supplies the procedural arbitral law has primary jurisdiction). Therefore, the courts of the United Kingdom have jurisdiction to entertain a motion to set aside or vacate the Award.

In contrast, the United States District Court for the District of Connecticut sits in secondary jurisdiction with respect to the Award. *See CBF Indústria*, 850 F.3d at 71 ("All other signatory States are secondary jurisdictions, in which parties can only contest whether that State should enforce the arbitral award." (internal quotation marks and emphasis omitted)). As a secondary jurisdiction, the District Court has the power only to enforce or to refuse to enforce the Award; it may not set aside or vacate it. *See id.*; *Yusuf*, 126 F.3d at 21 (citing with approval District Court statement that "only the state under whose procedural law the arbitration was conducted has jurisdiction under [the New York Convention] to vacate the award"). Only a court sitting in the country with primary jurisdiction may entertain a motion to vacate or set aside an award issued under the Convention. The courts of the United States have no such power in this case.

Savine argues that the District Court here may exercise jurisdiction over his claim because the Award violates United States public policy as expressed in its substantive securities and commodities laws and regulations. Consistent with the international arbitration principles just described, however, the provision of the New York Convention that Savine cites leaves no doubt that an alleged violation of public policy of the secondary jurisdiction provides only a reason for a court to refuse to enforce an arbitral award. Recognition and Enforcement of Foreign Arbitral Awards of June 10, 1958, 21 U.S.T. 2517, Art. V(2)(b) ("Recognition and enforcement of an arbitral award may also be refused if the competent authority in the country where recognition and enforcement is sought finds that . . . [t]he recognition or enforcement of the award would be contrary to the public policy of that country."). It does not confer jurisdiction over a petition to vacate.

\*       \*       \*

3

We have considered Savine's other arguments and do not find them persuasive. For the reasons set forth above, the District Court's judgment is **AFFIRMED**.

FOR THE COURT:

Catherine O'Hagan Wolfe, Clerk of Court